NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLAWOMIR OBARSKI, <br><br> Plaintiff, <br><br> v. <br><br> ASSOCIATED RECOVERY SYSTEMS, <br><br> Defendant. | Civil Action No. 13-6041 (JLL) <br><br> OPINION |

**LINARES, District Judge.**

This matter comes before the Court by way of Defendant ARS National Services, Inc.[1] ("Defendant")'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). [CM/ECF No. 11.] Defendant seeks to dismiss Plaintiff Slawomir Obarski ("Plaintiff")'s Complaint. This Court has considered the submissions made in support of and in opposition to Defendant's motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion for judgment on the pleadings is granted.

I. BACKGROUND[2]

As the Court writes only for the parties, it will set forth only those facts it deems relevant to deciding Defendant's motion.

---

[1] Defendant's Counsel has informed the Court that Defendant was incorrectly designated "Associated Recovery Systems" in the above-captioned matter and that the correct name is "ARS National Services, Inc." (Docket #13.)
[2] The facts set forth herein are taken from Plaintiff's Complaint. This Court accepts these facts as true solely for purposes of this motion.

1

Plaintiff Slawomir Obarski alleges that on October 10, 2011, and October 13, 2011, Defendant contacted him in an attempt to collect a debt. (Compl., at 1.) In connection with its debt collection activities, Defendant made a "hard inquiry" into Plaintiff's Experian consumer credit report. (*Id.*) Plaintiff claims that Defendant's consumer inquiry negatively impacted his credit score. (*Id.*) Plaintiff also claims that prior to the start of Defendant's debt collection activities, he "disputed [sic] alleged information with credit reporting agency." (*Id.* at 1-2.)

Plaintiff filed his pro se Complaint on October 10, 2013, asserting violations of the Fair Credit Reporting Act ("FCRA" or "the Act"). (Docket #1.) Count I of the Complaint alleges that Defendant violated 15 U.S.C. § 1681b by performing an improper inquiry into Plaintiff's consumer report. (Compl., at 2.) Count II of the Complaint alleges that Defendant violated 15 U.S.C. §§ 1681s-2(b) by willfully failing to remove negative information from Plaintiff's consumer report notwithstanding his supposed dispute with the consumer reporting agencies. (*Id.*) Defendant filed a motion for judgment on the pleading on April 14, 2014. (Docket #11.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Under Rule 12(c), a court must view the facts in the pleadings and any inferences drawn therefrom in the light most favorable to the nonmoving party, and the motion should not be granted "unless the moving party has established that there is no material issue of fact to resolve, and that it is entitled to judgment as a matter of law." *Perez v. Griffin,* 304 Fed. Appx. 72, 74 (3d Cir.2008) (*citing Mele v. Fed. Reserve Bank of N.Y.,* 359 F.3d 251, 253 (3d Cir.2004)). A court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences

2

or unsupported conclusions in its Rule 12(c) review. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir.1997).

Where the moving party asserts that the complaint fails to state a claim upon which relief may be granted, the court applies the same standards as those applied in a Rule 12(b)(6) motion to its review of a motion for judgment on the pleadings filed pursuant to Rule 12(c). *See Turbe v. Government of Virgin Islands,* 938 F.3d 427, 428 (3d Cir.1991). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)); *Evancho v. Fisher,* 423 F.3d 347, 350 (3d Cir.2005) ("[A] Court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

"A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

3

### III. DISCUSSION

As a preliminary matter, Plaintiff failed to respond to Defendant's motion for judgment on the pleadings. As such, Defendant's motion is deemed unopposed. Still, this Court has considered the merits of Plaintiff's claims in deciding Defendant's motion. Because both Counts of Plaintiff's Complaint fail to state a claim under the Fair Credit Reporting Act, Defendant's motion for judgment on the pleadings is granted.

A. <u>Count I of Plaintiff's Complaint Fails as a Matter of Law Because Plaintiff Alleges that Defendant Had a Legitimate Purpose for Obtaining Plaintiff's Consumer Report</u>

Count I alleges that Defendant preformed a "hard inquiry" of Plaintiff's credit report without authorization, in violation of the FCRA. (Compl. at 2.) Section 1681b(a) of the Act, however, expressly permits a credit-reporting agency to "furnish a consumer report" to an entity that "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the ... review of collection of an account of[ ] the consumer." *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (quoting § 1681(a)(3)(A)).

Not only are Plaintiff's claims that Defendant obtained his credit report for an impermissible purpose conclusory statements, but the Complaint also fails to allege any facts that show that Defendant obtained his credit report for any purpose other than to collect a delinquent account. Instead, it is clear from Plaintiff's complaint that Defendant obtained Plaintiff's credit report in furtherance of its debt collection activities. (*See* Compl. at 1 ("Defendant contacted Plaintiff ... with demand for payment of an alleged, yet non-existent debt."); *Id.* at 2 ("At the moment Defendant pulled Plaintiffs credit report he was notified that alleged debt is disputed [sic]"); *Id.* ("On or about October 10th 2011 the Defendant preformed [sic] an inquiry into Plaintiffs Experian credit report. Defendant has not provided acceptable proof of any alleged

4

debt.").) Because the FCRA permits debt collectors to make inquiries about credit reports for the purpose of collecting an outstanding debt, Plaintiff's claim under the FCRA fails as a matter of law.

In light of Plaintiff's allegations that Defendant looked up his report to collect on an outstanding debt, a claim which this Court deems to be true, the Court is satisfied that no amendment will be able to cure the pleading as to this count. As such, Count I is dismissed with prejudice.

B. <u>Count II of Plaintiff's Complaint is Dismissed Because Plaintiff Failed to State a Claim Under §1681s-2(b) of the Fair Credit Reporting Act</u>

Count II of Plaintiff's complaint alleges that Defendant willfully failed to furnish accurate credit information to reporting agencies in violation of the FCRA.[3] However, Plaintiff has failed to allege sufficient facts to support this claim. Instead, Count II of Plaintiff's complaint relies on a formulaic recitation of the elements of an FCRA cause of action.

Section 1681s-2(b) governs a furnisher's duty to investigate alleged inaccuracies and correct them where they are found by the furnisher to be incorrect:

> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> A. conduct an investigation with respect to the disputed information;
> B. review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> C. report the results of the investigation to the consumer reporting agency;
> D. if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies in which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

---

[3] Count II is alleged against Client Services, Inc., who is not a party to this suit. Plaintiff had a prior suit against Client Services, Inc. in which he alleged the exact same cause of action against that party. (See Civ. Action No. 13-2271.) This may explain why Plaintiff asserted a claim against a non-party in his complaint.

5

    E. if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly-
        i. modify that item of information;
        ii. delete that item of information; or
        iii. permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

Credit reporting agencies are required to conduct reasonable reinvestigations of the accuracy of a consumer's credit information if that consumer disputes the accuracy with such an agency. *See* 15 U.S.C. § 1681i (a)(1)(A). Once a consumer disputes the information, the credit reporting agency has to notify "any person who provided any item of information in the dispute...." *Id.* at § 1681i (a)(2)(A). Once this notification is given, the furnisher must conduct its own investigation and report back to the agency on the accuracy of the disputed information. *Id.* at § 1681s–2(b)(1). This Court has recognized that consumers have a private right of action to enforce a furnisher's duty to investigate. *Martinez v. Granite State Mgmt. & Res.*, No. 08-2769, 2008 WL 5046792, at *3 (D.N.J. Nov. 20, 2008) (Linares, J.). Further, this Court has held that "to state a claim under [§ 1681s-2(b)], a plaintiff must plead that '(1) she sent notice of disputed information to a consumer reporting agency, (2) the consumer reporting agency then notified the defendant furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.'" *Id.* (quoting *Ruff v. America's Servicing Co.*, No. 07-489, 2008 WL 1830182, at *4 (W.D. Pa. Apr. 23, 2008)). Thus, § 1681s–2(b) "provides consumers a cause of action against 'furnishers of information' that receive notice of disputed information on a credit report from a CRA but 'fail[ ] to investigate that dispute' and continue to provide 'inaccurate information after receiving notice....'" *Obarski v. United Collection Bureau, Inc.*, CIV.A. 12-07788 SRC, 2013 WL

5937412, at *2 (D.N.J. Nov. 4, 2013) (quoting *Burrell v. DFS Servs., LLC,* 753 F. Supp. 2d 438, 449 (D.N.J. 2010); *cf. SimmsParris v. Countrywide Fin. Corp.,* 652 F.3d 355, 359 (3d Cir. 2011)).

Here, Plaintiff has failed to plead sufficient facts to raise the plausible inference that Defendant is a furnisher of information that would fall under the scope of the FCRA. The Complaint claims only that Defendant made a "hard inquiry" regarding Plaintiff's credit report. (Compl. at 2 ("On or about October 10th 2011 the Defendant preformed [sic] an inquiry into Plaintiffs Experian credit report.").) It does not allege that Defendant furnished any information to a credit-reporting agency. Though the Complaint claims that "Defendant reported alleged debt to CRA in an attempt to collect," it goes on to allege that "Plaintiff filed dispute with Defendant and Credit Reporting Agencies, yet Defendant's inquiries were not removed." (Compl., 2-3.) Thus, Plaintiff has failed to plead that Defendant reported inaccurate or incomplete information to a credit reporting agency.

## IV.  CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings [CM/ECF No. 11] is granted. Count I in Plaintiff's Complaint is dismissed *with* prejudice. Count II is dismissed without prejudice. Plaintiff may file an Amended Complaint consistent with this Opinion within **30 days** of the date of entry of the accompanying Order. Plaintiff's failure to file an Amended Complaint within the aforesaid deadline will result in dismissal of Plaintiff's remaining claims with prejudice

An appropriate Order accompanies this Opinion.

Jose L. Linares  
United States District Judge

7

Dated: May 20, 2014