**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SLAWOMIR OBARSKI,<br><br>Plaintiff,<br><br>v.<br><br>ASSOCIATED RECOVERY SYSTEMS, INC.,<br><br>Defendant. | Civil Action No. 13-6041 (JLL) (JAD)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Defendant ARS National Services, Inc.[1] ("Defendant")'s motion to dismiss *pro se* Plaintiff Slawomir Obarski ("Plaintiff")'s Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss, ECF No. 20). To date, Plaintiff has not opposed Defendant's motion. The Court has considered Defendant's Brief in support of its motion and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court **GRANTS** the Defendant's motion.

**I.     BACKGROUND**

   A.     Factual History

On an unspecified date, Plaintiff allegedly incurred a debt, which is at the center of this action. (*See* Am. Compl. 1-3, ECF No. 17). The debt, according to Plaintiff, does not exist. (*Id.* at 1-2). Nonetheless, at least one credit reporting agency ("CRA") erroneously reported

---

[1] Defendant's Counsel previously informed the Court that Defendant was incorrectly designated as "Associated Recovery Systems" in the above-captioned matter. (Notice of Appearance, ECF No. 13). The correct designation is "ARS National Services, Inc." (*Id.*).

1

information about the debt. (*Id.* at 1-2). Plaintiff notified that particular CRA about its error, thereby disputing the debt. (*Id.*).

Thereafter, on or about October 10 and 13, 2011, Defendant, a third party debt collector, contacted Plaintiff in an attempt to collect the debt. (*Id.* at 1). The following month, Plaintiff responded by letter, requesting proof of the debt's existence. (*Id.*). Defendant did not respond to Plaintiff's letter. (*Id.*). Plaintiff next contacted Experian, Equifax, and TransUnion to check his credit reports. (*Id.*). The Experian credit report stated that Defendant made a "hard inquiry" at an unspecified time. (*See id.*). When Defendant pulled that credit report, he was notified that Plaintiff disputed the debt. (*Id.* at 2).

B.     Procedural History

Based on the above facts, on October 10, 2013, Plaintiff filed a two-count Complaint before this Court alleging that Defendant violated the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq.* (Compl. 1-3, ECF No. 1). Count I alleged that Defendant violated 15 U.S.C. § 1681b by performing an improper inquiry into Plaintiff's Experian credit report. (*Id.* at 2). Count II alleged that Defendant violated 15 U.S.C. § 1681s-2(b) by willfully failing to remove its inquiries from Plaintiff's Experian credit report notwithstanding his dispute with Defendant and the CRAs. (*Id.* at 2-3). On May 20, 2014, this Court dismissed Count I with prejudice, but dismissed Count II without prejudice. *Obarski v. Associated Recovery Sys.*, No. 13-6041, 2014 WL 2119739, at *2-4 (D.N.J. May 20, 2014) (Linares, J.).

With regard to Count II, the Court noted that 15 U.S.C. § 1681s-2 imposes various duties on "furnishers of information" to CRAs, including some that kick in under 15 U.S.C. § 1681s-2(b)(1) when a CRA notifies such a furnisher that a consumer disputes the completeness or accuracy of information it provided to the CRA. *Id.* at *3. Because Plaintiff failed to plead

2

sufficient facts to raise the plausible inference that Defendant was a "furnisher of information," the Court dismissed Count II of Plaintiff's initial Complaint. *Id.* at *4. The Court explained:

> The Complaint claims only that Defendant made a 'hard inquiry' regarding Plaintiff's credit report. (Compl. 2 ('On or about October 10th 2011 the Defendant preformed [sic] an inquiry into Plaintiffs Experian credit report.')). It does not allege that Defendant furnished any information to a [CRA]. Though the Complaint claims that 'Defendant reported alleged debt to CRA in an attempt to collect,' it goes on to allege that 'Plaintiff filed dispute with Defendant and [CRAs], yet Defendant's inquiries were not removed." (Compl. 2-3). Thus, Plaintiff has failed to plead that Defendant reported inaccurate or incomplete information to a [CRA].

*Id.* The Court granted Plaintiff thirty days to file an amended complaint consistent with its Opinion. *Id.* In response, Plaintiff filed a one-count Amended Complaint on June 18, 2014, which Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has jurisdiction over this action, which arises under the FCRA, pursuant to 28 U.S.C. § 1331.

## II.   LEGAL STANDARD

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be plausible, the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Notably, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by

lawyers . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In determining the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *See Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness. *Id.*; *In re Nice Sys., Ltd. Sec. Litig.*, 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

While the Third Circuit has adopted a liberal approach to the amendment of pleadings, leave to amend should not be permitted if amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (citations omitted). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).

## III. DISCUSSION

Plaintiff's Amended Complaint asserts one cause of action against Defendant, *i.e.*, that Defendant failed to comply with its duties under 15 U.S.C. § 1681s-2(b)(1).[2] (Am. Compl. 2-3). To state a claim under that subparagraph, a plaintiff must allege that: (1) he sent notice of disputed information to a CRA; (2) the CRA notified the furnisher of that information of the dispute; and (3) the furnisher failed to investigate the information and report its results to the

---

[2] Once again, Plaintiff asserts his 15 U.S.C. § 1681s-2(b) claim against Client Services, Inc., which is not a party to this action. (Am. Compl. 2). Plaintiff previously asserted virtually the same claim against Client Services, Inc. in a separate action. (*See* Civ. Action No. 13-2271). This appears to explain why Plaintiff asserts his claim against a nonparty.

4

CRA. *Ruff v. America's Servicing Co.*, No. 07-489, 2008 WL 1830182, at *4 (W. D. Pa. Apr. 23, 2008) (citing *Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 363 (E. D. Pa. 2001)). Defendant argues that the Amended Complaint fails to state a claim under 15 U.S.C. § 1681s-2(b)(1) because it does not plausibly allege that Defendant furnished any information to a CRA that Plaintiff subsequently disputed. (*See* Def.'s Br. 6-13, ECF No. 20).[3] The Court agrees.

The Amended Complaint alleges: "Before Defendant attempted to collect on alleged, non-existent debt, Plaintiff had disputed alleged debt information with [CRA] and notified them of reporting erroneous information. At the moment Defendant pulled Plaintiff's credit report he was notified that alleged debt is disputed." (Am. Compl. 1-2). The Amended Complaint does not specify who furnished the CRA with the information about the debt that Plaintiff disputed, but it would defy logic for Defendant to have done so. (*See id.* at 1-3). Indeed, the Amended Complaint, read in its entirety, suggests that Defendant—a third party debt collector—contacted a CRA on only one occasion to gather information about Plaintiff to collect the debt. (*See id.*). Specifically, Defendant contacted Experian in order to make a "hard inquiry," (*Id.* at 1), which the Third Circuit defines as a credit report check. *Obarski v. Client Servs., Inc.*, 554 F. App'x 90, 91 n. 1 (3d Cir. 2014). The Court infers that it was at this time that a CRA, namely, Experian, first notified Defendant that Plaintiff disputed the debt and that someone other than Defendant furnished Experian with the information about the debt that Plaintiff disputed. It is simply implausible that Defendant would have contacted Experian to furnish it with information

---

[3] The pages in Defendant's Brief are not numbered, and the Brief contains neither a table of contents nor a table of authorities, both of which are required by Local Civil Rule 7.2(b). The Court urges Defendant's counsel to henceforth comply with the Local Civil Rules.

about Plaintiff's debt, only to contact Experian again at a later date to gather information about Plaintiff to collect said debt.

Relatedly, by making a "hard inquiry" into Plaintiff's Experian credit report, Defendant did not report or furnish any information about Plaintiff's alleged debt to Experian. The Amended Complaint's attempt to camouflage Defendant's actions as such is simply incongruous with the other allegations set forth therein. (*See id.* at 1-3). At bottom, Defendant acquired information about Plaintiff's debt from Experian in furtherance of its debt collection activities, which is perfectly permissible. *Obarski*, 554 F. App'x at * 91 (agreeing with district court's conclusion that appellee debt collector ran hard inquiry on appellant's credit report with a permissible purpose, *i.e.* the "review or collection" of appellant's account pursuant to 15 U.S.C. § 1681b(a)(3)(A)).

In sum, while the Amended Complaint permits the reasonable inference that Defendant was a gatherer of information at the time relevant to this action, it does not permit the reasonable inference that Defendant was a "furnisher of information." (*See* Am. Compl. 1-3). Because 15 U.S.C. § 1681s-2(b)(1) imposes duties only on those persons who furnish information to a CRA, Plaintiff's claim under that statute cannot proceed. Plaintiff has had two opportunities to state a claim against Defendant under 15 U.S.C. § 1681s-2(b)(1). Because it would be futile to grant Plaintiff a third opportunity to state such a claim, the Court dismisses Plaintiff's Amended Complaint with prejudice. In doing so, the Court notes that Plaintiff's other attempts to state virtually same claim against other third party debt collectors in this District have all been dismissed with prejudice. *See Obarski v. Client Servs. Inc.*, No. 13-2271, 2013 U.S. Dist. LEXIS 144427, at *4-5 (D.N.J. Oct. 7, 2013), *aff'd* 554 F. App'x 90 (3d Cir. 2014); *Obarski v. United Collection Bureau, Inc.*, No. 12-7788, 2013 WL 5937412, at *2-3 (D.N.J. Nov. 4, 2013) ("It

would pervert the [FCRA] to find § 1681s-2(b) furnisher liability based on a request for information that is expressly permitted by § 1681b.").

## IV.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' motions to dismiss Plaintiffs' Complaint with prejudice. An appropriate Order accompanies this Opinion.

DATED: 29 of July, 2014

JOSE L. LINARES
U.S. DISTRICT JUDGE